NO. 7888.

STATE OF LOUISIANA

MAURICE G. WOGAN

COURT OF APPEAL

VS

EDWARD GRAU.

PARISH OF ORLEANS.

# OPINION.

By his Honor John St. Paul;

This suit originated as a petitory action. But as the defendant disclaims title and has now surrendered possession, the only remaining issue is whether plaintiff is entitled to recover for the occupancy in the meanwhile.

The defense is that the defendant occupied the premises under a lease from plaintiff's agent and that the rent was paid according## to the terms thereof; that is to say in notes payable to the agent.

As it is an undisputed fact that defendant did lease the premises from an alleged agent and did pay the rent according to the terms of the lease, the only question is, whether the alleged agent had authority to lease, and whether the terms of the lease were within the apparent scope of the agent's authority.

## I.

The authority of the agent to find a tenant for the premises is simply not even denied by plaintiff when testifying in his own behalf; indeed he complains only that the agent had leased the property in his (the agent's) own name, and had made the rent payable to himself (the agent), afterwards assigning the same to a third person to whom defendant paid it; whereby plaintiff received nothing for the occupancy of the premises.

And as it is also an undisputed fact that plaintiff protested as soon as he learned that the rent had been made payable to the agent himself, (who had assigned it as aforesaid) there is no basis on which to claim a ratification quoad that feature.

## II.

After careful consideration we have reached the conclusion that it is not within the apparent scope of his authority for an agent, employed to lease real estate, to make the rent payable to anyone but his principal; his authority extending only to the finding of the tenant, and not to the collection of the rent, unless such authority be expressly given (See 2 Corpus Juris p. 648) And above all it extends not to the collection in advance of the rent for the whole term of a long lease, or (what amounts to the same thing) to the taking of negotiable notes, or notes payable to himself. If such were the case, the owner of real estate having once put his property in the hands of an agent with authority simply to find a tenant, would in effect be parting with all the profit to be derived from, and hence with the whole useful dominion over, the property. For if the agent has implied authority to collect one year's rent in advance, he has like authority to collect in advance for ten years or

207

even thirty years rent.

Nor can such agent extend the scope of his authority by failing to disclose his principal or by acting in his own name. Such is the rule even as to personal property (Curl vs Bond, 52 La An 1052; Murphy vs Barnard, 167 Mass 72; 44 Am. State Rep 341) How much more then must it be the rule as to real estate where the matter of ownership is one of record and every one is bound to take notice.

### III.

It is said that the agent in this case has certain equities in the leased premises which entitled him to lease it for his own account; but we do not find it so. It is true that plaintiff had promised him one half of the profits, if any, that might be derived from a sale; but one half the possible profits from one source is quite a different thing from the whole of the actual profits due from another source. The agent also claims at one time that he had an equity of same $1500 in the property; but this is contradicted by his own correspondence which shows that he expected at most a mere trifle out of the sale of the property, and this

too under the erroneous belief that plaintiff had paid much less for the property than it had actually cost him.

IV.

Of course we are not concerned whether (as between the defendant, the agent, and the assignee of the agent) defendant was bound on the notes which he gave. All that we here decide is that defendant owes plaintiff for the occupancy of the premises from July 4th 1918 to September 30th 1919, at the rate of $45 per month

The judgment appealed from is therefore reversed and it is now ordered that plaintiff, Maurice G. Morgan, have judgment against defendant, Edward Grau, for the full sum of Six hundred and Sixty-seven & 50/100 Dollars ($667.50) with legal interest from September 30th 1919 until paid, and costs of both courts.

New Orleans La, January 10th, 1921.

WOGAN

VS            No.7888

GRAN

        I concur in the decree herein.I agree with the organ of the Court that Harrison was authorized to lease the premises.But I believe that the rents of the property belonged to its owner,Wogan,and not to Harrison.There is no proof that Harrison was authorized by Wogan expressly or impliedly,to collect the rents,nor to make the rent notes payable to himself. 2 C.J.648-42 N.Y.S879,84 N.Y.S 497-23 S.W.595- *3 Dallas Codes Ann on Art 1239 p 102 No 130, 131-132 —33 Id p 378* *No 1913* If we conclude,however,that Harrison was clothed with apparent authority to do so,Gran would have been protected as long as he honestly believed it and *he* was not imformed to the contrary. But the instant that he was notified that Wogan denied the authority of Harrison to have made the rent notes payable to himself,or to collect them or dispose of them and claimed the rent as his property,Gran ceased to be protected by the presumption of authority in Harrison,and thenceforth paid the holder of the notes at his peril.As the notes were not negotiable, and as Harrison was not the owner of them,he could confer no title to the Bank,and Gran must pay the owner of the notes who is the plaintiff in this case.

Chas. J. Claiborne
Judge

Max Dinkelspiel
I concur in this
opinion Judge